**JAN DAVID KAROWSKY**
Attorney at Law
A Professional Corporation
California State Bar Number 53854
716 19th Street, Suite 100
Sacramento, CA 95811-1767
KarowskyLaw@sbcglobal.net
(916) 447-1134
(916) 448-0265 (Fax)

Attorney for Defendant
Benjamin Macias

# UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | Case No. Cr.S-15-125-GEB |
| Plaintiff, | |
| vs. | **STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER THE SPEEDY TRIAL ACT;** |
| Benjamin Macias, | **[PROPOSED] FINDINGS AND ORDER** |
| Defendant | |

## CASE STATUS

On June 23, 2017, Attorney Jan Karowsky was appointed to represent the defendant. Although defense counsel has diligently reviewed the discovery, there are extensive CD's, DVD's and physical exhibits which must be reviewed in order effectively to advise the defendant. Moreover, the defendant has raised a number of legal issues which are being researched but which still require additional time for conclusions to be derived and discussed.

Specifically, AUSA Hemesath is in the process of producing what is expected to be extensive, relevant telephone records which may require a defense expert to be employed so as to properly review and analyze these records. This process, including other outstanding investigation could take a good deal more time.

## **STIPULATIONS**

Regarding the above-captioned action, Plaintiff, United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, the above-captioned action was set for status conference on September 29, 2017.

2. By this stipulation, defendant now moves to continue the status conference in this case to November 17, 2017, and to exclude time between September 29, 2017 and November 17, 2017, under Local Code T4. The government does not oppose this request.

3. The parties agree and stipulate and request that the Court find the following:

a. Counsel for defendant requires additional time to consult with his client and to conduct investigation and research related to a number of relevant issues raised by the defendant and needs additional time for the preparation, as detailed above.

b. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation in the pending case, taking into account the exercise of due diligence.

c. The government does not object to the continuance.

d. Based on the above-stated findings, the ends of justice served by continuing the case for the reasons cited, as requested, outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 29, 2017, to November 17, 2017 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T2] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

DATED: September 26, 2017 **PHILLIP A. TALBERT**
Acting U.S. Attorney

By: /s/Jan Karowsky for
Paul Hemesath
Assistant U.S. Attorney
Attorney for Plaintiff

DATED: September 26, 2017 **JAN DAVID KAROWSKY**
Attorney at Law
A Professional Corporation

By: /s/ Jan David Karowsky

JAN DAVID KAROWSKY
Attorney for Benjamin Macias

# O R D E R

**UPON GOOD CAUSE SHOWN** and the stipulation of the parties, it is ordered that

the September 29, 2017 status conference hearing be continued to November 17, 2017 at 9:00 a.m.. Based on the representation of defense counsel and good cause appearing therefrom, the Court hereby finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice to be served by granting a continuance outweigh the best interests of the public and the defendant in speedy trial. It is ordered that time beginning from September 29, 2017, up to and including the November 17, 2017 status conference shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act pursuant to 18 U.S.C. § 316l(h)(7)(A) and (B)(iv) and Local Code T-4, to allow defense counsel reasonable time to prepare.

**IT IS SO FOUND AND ORDERED.**

**Dated: September 27, 2017**

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge