**JAN DAVID KAROWSKY**
Attorney at Law
A Professional Corporation
California State Bar Number 53854
716 19th Street, Suite 100
Sacramento, CA 95811-1767
KarowskyLaw@sbcglobal.net
(916) 447-1134
(916) 448-0265 (Fax)

Attorney for Defendant
Benjamin Macias

# UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | Case No. Cr.S-15-125-GEB |
| Plaintiff, | |
| vs. | **STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER THE SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER** |
| Benjamin Macias, | |
| Defendant | |

## CASE STATUS

On June 23, 2017, Attorney Jan Karowsky was appointed to represent the defendant. Defense counsel has finished reviewing the discovery. Based on the review of the discovery, I have requested and the AUSA has agreed to provide extensive additional, relevant materials. In that regard, I have received all audio recordings of the various alleged drug transactions and conversations between my client's co-defendant and the DEA undercover agent. All but three of

those recordings have been transcribed. The Court has approved funds for the remaining three recordings, which cannot be heard adequately for transcription, to be augmented. That augmentation is now being undertaken. Further, based on the content of the transcribed recordings we have, I have made a discovery demand, to which the prosecuting AUSA has agreed, to provide all DEA reports of what appears to have been a parallel "sting" in which my client's co-defendant was involved with others, not including my client, and from whom the co-defendant appears to have been receiving the drugs he sold to the DEA undercover agent. There appear to be a large amount of these records which I have not yet received. Additionally, the government has provided, upon my discovery request, all phone records of the DEA undercover agent which I am in the process of obtaining Court approval for funds to have these records analyzed to determine if the undercover DEA agent has been completely forthcoming relative to his communications with my client's co-defendant. Of course, after the augmented recordings are available they will need to be transcribed and reviewed by my client and me; the new reports need to be studied by my client and me; and the phone records will need to be professionally organized and reviewed by my client and me. All of this work is expected to require a good deal more time.

**STIPULATIONS**

Regarding the above-captioned action, Plaintiff, United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, the above-captioned action was set for status conference on November 17, 2017.

2. By this stipulation, defendant now moves to continue the status conference in this case to January 26, 2018, and to exclude time between November 17, 2017 and January 26, 2018, under Local Code T4. The government does not oppose this request.

3. The parties agree and stipulate and request that the Court find the following:

a. Counsel for defendant requires additional time to consult with his client and to conduct investigation and research related to a number of relevant issues raised by the defendant and needs additional time for the preparation, as detailed above.

b. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation in the pending case, taking into account the exercise of due diligence.

c. The government does not object to the continuance.

d. Based on the above-stated findings, the ends of justice served by continuing the case for the reasons cited, as requested, outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 17, 2017, to January 26, 2018 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T2] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

| DATED: | November 15, 2017 | **PHILLIP A. TALBERT**<br>Acting U.S. Attorney |
|---|---|---|
| | By: | /s/Jan Karowsky for<br>Paul Hemesath<br>Assistant U.S. Attorney<br>Attorney for Plaintiff |
| DATED: | November 15, 2017 | **JAN DAVID KAROWSKY**<br>Attorney at Law<br>A Professional Corporation |
| | By: | /s/ Jan David Karowsky<br><br>JAN DAVID KAROWSKY<br>Attorney for Benjamin Macias |

# O R D E R

**UPON GOOD CAUSE SHOWN** and the stipulation of the parties, it is ordered that the November 17, 2017 status conference hearing be continued to January 26, 2018 at 9:00 a.m.. Based on the representation of defense counsel and good cause appearing therefrom, the Court hereby finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice to be served by granting a continuance outweigh the best interests of the public and the defendant in speedy trial. It is ordered that time beginning from November 17, 2017, up to and including the January 26, 2018 status conference shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act pursuant to 18 U.S.C. § 316l(h)(7)(A) and (B)(iv) and Local Code T-4, to allow defense counsel reasonable time to prepare.

**IT IS SO FOUND AND ORDERED.**

**Dated: November 16, 2017**

GARLAND E. BURRELL, JR.
Senior United States District Judge