```
 1
 2
 3
 4                    UNITED STATES DISTRICT COURT
 5                   EASTERN DISTRICT OF CALIFORNIA
 6
 7   UNITED STATES OF AMERICA,      No.  2:15-cr-00125-GEB
 8             Plaintiff,
                                    AMENDED ORDER FINDING DEFENDANT
 9        v.                        LACKS AUTHORITY TO APPEAL AND TO
                                    MAKE ARGUMENTS, AND DISREGARDING
10   BENJAMIN MACIAS,               DEFENDANT'S APPELLATE FILING
11             Defendant.
12
13
```

14          The Clerk of the Court ("Clerk") provided chambers with a preprinted form "Routing Slip" titled "Requesting Chambers Review," to which the Clerk attached Defendant Benjamin Macias's "Notice of Interlocutory Appeal" ("Notice") stamped "FILED" on September 27, 2018. Mr. Macias asserts in the filing that he is proceeding pro se.  The Clerk sends chambers the referenced Routing Slip when the Clerk is uncertain about how chambers elects to handle certain documents. The Clerk asks chambers in the Routing Slip: "Please return [the Routing Slip and whatever document is attached thereto] to Operations with instructions;" and the following options are provided on the Routing Slip: "Please add to docket," "Please Return to Sender," and/or "Other."  Notwithstanding that the Clerk stamped the Notice "FILED" when the Clerk received it, the judge determines whether the Notice is filed on the court's filing system.

Mr. Macias's position that he can proceed pro se with the Notice appears to be the result of the judge's mistaken communication to Mr. Macias during an in camera proceeding when enduring Mr. Macias's stubborn refusal to discontinue talking about certain defenses he insisted on asserting in this criminal action. The judge eventually responded to Mr. Macias's dogged determination to assert the referenced defenses by telling him his oral motions are part of the record, the motions are denied, and Mr. Macias could appeal that adverse ruling. United States v. Seugasala, 670 F. App'x 641, 641 (9th Cir. 2016) ("District courts have inherent discretionary power" to determine whether what was previously secret should be disclosed on the public record.). Mr. Macias also referenced the motions during a public hearing. It was evident that Mr. Macias was unsuccessful in persuading his appointed lawyer to file the referenced motions. Typically, the decision whether to file motions is made by appointed counsel. United States v. Wadsworth, 830 F.2d 1500, 1509 (9th Cir. 1987) (stating "[i]t is . . . clear that appointed counsel, and not his client, is in charge of the choice of trial tactics and the theory of defense"); United States v. Smith, 282 F.3d 758, 763 (9th Cir. 2002) (stating "Smith's own letter indicates that [his] dispute [with counsel] stemmed from a disagreement about 'strategic purposes' and [that] [l]itigation tactics are decisions generally left to defense counsel").

Of course, Mr. Macias is not to blame for the judge's failure to explain to him the respective roles of appointed counsel and client in this criminal case. The Supreme Court recently clarified these decision-making roles in the context of

deciding who determines whether to admit guilt, explaining:

> **Trial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as "what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence."** Some decisions, however, are reserved for the client—notably, whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal.

138 S. Ct. 1500, 1508 (2018) (emphasis added) (citation omitted) (quoting Gonzalez v. United States, 553 U.S. 242, 248 (2008)); see generally Jones v. Barnes, 463 U.S. 745, 751 (1983) ("[An] indigent defendant [does not have] a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.").

The subject judicial mistake authorized an inappropriate hybrid representation during an in camera proceeding. "A district judge may allow 'hybrid representation,' in which the accused assumes some of the lawyer's functions, under certain circumstances. If the defendant assumes any of the 'core functions' of the lawyer, however, the hybrid scheme is acceptable only if the defendant has voluntarily waived counsel. Here, there was no waiver . . . [Yet Mr. Macias] formulated and presented . . . [certain] defense[s] himself." United States v. Turnbull, 888 F.2d 636, 638 (9th Cir. 1989) (citations omitted). Since the Notice contains core functions of a lawyer, and Mr. Macias has not been authorized to represent himself concerning those functions, he is not authorized to file the Notice.

To proceed pro se, Mr. Macias must knowingly and

intelligently waive his Sixth Amendment right to counsel, which includes Mr. Macias convincing the judge that he sufficiently understands the risks of self-representation, and nevertheless elects to proceed pro se. United States v. Kimmel, 672 F.2d 720, 722 (9th Cir. 1982) (stating the record must show that defendant knowingly and intelligently waived his Sixth Amendment to counsel before defendant could be allowed to proceed pro se); see also Turnbull, 888 F.2d at 638 ("Our recognition of the powerful advantage of competent counsel mandates extreme care in allowing pro se representation. A waiver of the right to counsel must be knowing and voluntary."). Mr. Macias has not waived his Sixth Amendment right to counsel.

Nevertheless, Mr. Macias's Notice of Interlocutory Appeal is filed on the public docket as ECF No. 148 since the judge erroneously told Mr. Macias that the issues are preserved for appeal. However, this filing is disregarded because Mr. Macias has not been authorized to represent himself.

Dated: October 5, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4