UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

BENJAMIN MACIAS,

        Defendant.

No. 2:15-cr-00125-GEB

**ORDER DIRECTING THE CLERK OF THE COURT TO PROCESS DEFENDANT BENJAMIN MACIAS'S "NOTICE OF INTERLOCUTOTRY APPEAL" FILED SEPTEMBER 27, 2018 AND ORDER FINDING THAT THE MOTION INVOLVED IN THE REFERENCED INTERLOCUTOTRY APPEAL IS FRIVOLOUS**

        The United States filed a "Motion For Clarification ('Mot.')" of the order filed October 5, 2018. The United States "suggests [in the motion] that this court: (1) consider ordering the clerk to process [Defendant Benjamin Macias's] appeal [filed September 27, 2018] to the United States Court of Appeals for the Ninth Circuit and (2) simultaneously consider issuing a written finding that the motion is frivolous." Mot. at 1:20-22, ECF No. 158. The United States argues: "Doing so will allow this court to retain jurisdiction of the case while the appeal is adjudicated in the Ninth Circuit." Id. at 1:22-23.

        The requested clarification appears incongruous with the principle in United States v. Kimmel, 672 F.2d 720, 722 (9th Cir. 1982), requiring the record to show that a defendant electing to

proceed pro se knowingly and intelligently waives his Sixth
Amendment right to counsel in advance of proceeding pro se. This
has not occurred. Nevertheless, to clarify the jurisdictional
issue featured in the pending clarification motion, to the extent
that findings on Defendant's pro se motion are required, what
follows are the findings:

> the defendant [evinces in his] motion [that
> he] clearly misunderstands the law and [what
> he states is the law are] frivolous conclusory
> assertions]. The defendant [contends] that the
> government is enjoined from prosecuting him
> based on provisions in the Constitution, 18
> U.S.C. § 927, and 21 U.S.C. § 903. However,
> these laws do not prevent his prosecution.
> Instead, they allow states to pass laws
> outlawing gun and drug crimes and to do so
> without fearing that Congress has expressed an
> intent to exclusively occupy these fields. The
> defendant does not . . . cite a legitimate
> basis to enjoin his case.

Mot. at 4:13-19 (citations omitted).

Therefore, Defendant's motion is woefully unsupported by
law and is frivolous. Further, as the United States asserts "based
upon clear and long-standing case law, the defendant's appeal is
[also] frivolous." Id. at 4:21. Hence, notwithstanding Defendant's
filing of his notice of appeal from the denial of his motion, the
district court is not divested of jurisdiction to proceed with
Defendant's trial.

The Clerk of Court shall process the appeal Defendant
filed on September 27, 2018 (ECF No. 148) to the United States
Court of Appeals for the Ninth Circuit.

Dated: October 16, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28