UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BENJAMIN MACIAS,<br><br>　　　　Defendant. | No. 2:15-cr-00125-GEB<br><br>**JUDICIAL RESPONSE TO MOTIONS IN LIMINE** |

Pending are in limine motions.

**Motion in Limine concerning Rule 404 (b) evidence**

Defendant moves in a motion filed as ECF 137 for an order requiring the government to provide notice of its intent to use evidence under Rule 404(b) of the Federal Rules of Evidence at trial. The government subsequently filed a Rule 404(b) notice in ECF No. 152. This filing moots Defendants motion, even assuming arguendo it is an appropriate in limine motion. Defendant then filed a new motion in opposition to the government's notice which has been docketed in ECF No. 156, moving to exclude all evidence of arrests and alleged bad acts or provide a limiting instruction to the jury.

The government responds stating: "the parties will continue to litigate the issue of the admissibility of Rule 404(b) evidence through . . . pleadings." ECF No. 157 1:27-28. The Rule 404 (b) issues have not been shown to be concrete enough for

an in limine ruling.

## Motion in Limine ECF 138

Defendant seeks in a motion docketed in ECF No. 138 a hearing on the admissibility of evidence and any statements sought to be admitted under Federal Rule of Evidence 801(d)(2)(E). The government rejoins with a proffer referencing the evidence it intends to admit under the rule, and argues the referenced evidence is admissible "subject to a motion to strike or a mistrial if [the required] proof is not subsequently made." ECF No. 157 2:22-23 (citing United States v. Miranda-Uriarte, 649 F.2d 1345, 1349 (9th Cir. 1981)

The government's proffer is sufficient to allow the admission of the challenged evidence without a hearing prior to its admission. It is understood that the government states that the parties "agree[] that the Court must find—at some point in the trial, by a preponderance of the evidence—that any co-conspirator statements offered under Rule 801(d)(2)(E) were made in the course of and in furtherance of the conspiracy." ECF No. 157, at 2-6. Therefore, this motion is denied.

## Motion in Limine ECF 139

Defendant also filed a motion in limine docketed as ECF No. 139 requesting the government disclose all witness agreements. The government responded stating it intends to comply with the law applicable to the motion. ECF No. 157 2:27-28. In light of the government's response, this motion does not present a controversy justifying an in limine ruling.

## Motion in Limine ECF 140

Defendant seeks in a motion docketed as ECF No. 140 an order

requiring the government to inspect and produce the personnel files of all federal law enforcement officers the government intends to call as witnesses as required by United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). Henthorn requires the government to "disclose information favorable to the defense that meets the appropriate standard of materiality." Id. at 931 F.2d at 30-31 (quoting United States v. Cadet, 727 F.2d 1453, 1467-68 (9th Cir. 1984)). Under Henthorn the government may obtain a judicial in camera decision on whether certain personnel records must be given to the defense. Id. at 931 F.2d at 30-31.

The government filed personnel records under seal for in camera judicial review. ECF No. 153, 154. The in camera review of the submitted information found nothing material in the documents, therefore, disclosure is not justified.

## Motion in Limine ECF 141

Defendant moves in the motion filed in ECF docket No. 141, at 2:1-5, as follows:

> [t]hat the government be ordered not to reference in opening statement, and not to introduce at trial, any expert witness testimony under Federal Rule of Evidence 702, including opinion testimony, until each purported expert is first examined by the defense in voir dire, outside the presence of the jury, as to his or her knowledge, skill, experience, training, education, and expertise.

The government responds by "agree[ing] that it will not make reference to any expert testimony until defense counsel has had an opportunity to examine such expert in voir dire." ECF No. 157 3:8-16. It is unclear whether the government's response includes the Defense's requested voir dire, "outside the presence of the jury."

3

However, neither party has presented authority supporting the position that the defense is always entitled to voir dire an expert witness before the government completes its examination of the witness, nor that the referenced defense voir dire must occur outside the presence of the jury.  These unsupported propositions fail to show recognition that "[t]he trial court [has considerable] latitude in deciding how . . . an expert's reliability [is determined], and to decide whether or when [a] special . . . proceeding[] [is] needed to investigate reliability . . . "  Kumho Tire Co., Ltd. v. Carmichael 526 U.S. 137, 152 (1999); See Fed. R. Evid. 611 prescribing, "The court should exercise reasonable control over the mode of examining witnesses and presenting evidence. . ."

Since neither party's position is supported by authority and since no controversy exists justifying the relief or procedure sought, the portion of the motion concerning voir dire outside the presence of the jury has not been shown to justify an in limine decision.  Further, no apparent controversy exists on the remaining portions of the motion.

### Motion in Limine ECF 142

Defendant moves in ECF docket No. 142 for an in limine ruling excluding his past felony convictions from his impending trial under Federal Rules of Evidence Rule 609.  The government responds that it will not use criminal convictions older than 10 years past the date of conviction and the end of confinement to impeach Mr. Macias, should he seek to testify.  The government further responds:

At this moment, the government does not have

>     precise information as to when Macias was released from confinement following his March 3, 2006, conviction for evading a police officer. Should it become clear that his release date was more than 10 years before his testimony, the government will not seek to impeach him on that conviction or on his other convictions, which are more clearly outside the scope of the 10-year rule.

ECF No. 157 3:20-26. Defendant has not shown an in limine ruling should issue on the prior conviction issue.

### Motion to Sever ECF 145

Defendant moves in limine in ECF docket No. 145 for an order severing Count 10 in the indictment (alleging he is a felon in possession of a firearm) from the other charges against him, arguing evidence concerning this charge would impermissibly prejudice him "because he would be unfairly branded as a 'bad person,' which may influence the jury to convict him on other counts." ECF No. 145 3:11-15; Gov't Opp. ECF No. 157 at 4:2-5. The government opposes the motion, offering a jury instruction stating: "evidence of prior crimes should not be considered as evidence of character or of propensity to commit the same acts again." Id. at 4:21-23. The government contends a jury instruction could minimize any concern of prejudice. Defendant's motion fails to show that he cannot be "safeguard[ed] . . . from the prejudicial effect of . . . evidence" concerning the felon in possession charge. U.S. v. Nguyen 88 F.3d 812, 815 (9th Cir. 1996). Accordingly, this motion is denied.

Dated: October 16, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge