IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN MACIAS,<br><br>Defendant. | CASE NO. 2:15-CR-00125-GEB<br><br>**JUDICIAL RESPONSE TO MOTION IN LIMINE** |

Defendant moves in limine in ECF docket No. 167 for an order prohibiting the government from introducing at trial any evidence seized on June 9, 2015 from the Defendant's alleged residence. The seized items include cocaine, a gun holster, and ammunition. Defendant argues these items are prejudicial and not sufficiently probative of the charged crimes of cocaine distribution, possession and conspiracy, felon in possession of a firearm, and possessing a firearm in furtherance of a drug crime.

The government opposes the the motion arguing the challenged evidence is "probative of Macias's knowledge, intent and lack of mistake[, and that] the evidence found at Macias's house [on] the same day that Macias was arrested with drugs and a gun in his car, which is the conduct that Macias is charged with." Opp'n to Mot. ("Opp'n") 1-2, ECF No. 182. The government further argues:

> The drug (cocaine) found in Macias's house matches the drug found in his possession (cocaine) on June 9, 2015. Some of the ammunition

1

> (9mm) found at his house matches the caliber, brand, and type of ammunition (9mm, Winchester, hollow-point) found in the gun in his car. The other items—a high capacity magazine and a shoulder holster—indicate that the presence of the gun in Macias's car was the result of a deliberate and knowledgeable act.
>
> The evidence found in Macias's house is therefore acutely probative evidence because it directly proves the charged offense1, and because the acts were performed contemporaneously with the charged crime and they facilitated the commission of the charged crime.
>
> Moreover, Count 1 of the indictment charges Macias with an overarching conspiracy to distribute cocaine. Surely, cocaine found (in two different packages) in Macias's house is part of fair and substantial evidence of such a conspiracy. While such evidence might not be sufficient by itself to prove the count, the presence of a controlled substance in a defendant's house is standard proof of knowledge and access in any drug conspiracy trial.
>
> Further, any prejudice emanating from the presence of the cocaine, ammunition, magazine, and holster pales in comparison from the presence of the much larger amount of charged cocaine and the significantly more serious presence of the charged firearm. In other words, the jury will already knowthat the case is about drugs and guns, so the evidence of these additional items in Macias's house will not prejudice him any meaningful way. Whatever imaginable prejudice does not substantially outweigh the proof provided by those items, as is required by Rule 403.

*Id.* The government is correct. Defendant has not shown that the probative value of the challenged evidence is substantially outweighed by the danger of unfair prejudice. Therefore, the motion is denied.

Dated: November 1, 2018

GARLAND E. BURRELL, JR.
Senior United States District Judge