UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN MACIAS,<br><br>Defendant. | No. 2:15-cr-125-GEB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT UNDER THE SPEEDY TRIAL ACT** |

Defendant Benjamin Macias moves for dismissal of the Indictment with prejudice, arguing that the 70-day time limit within which his trial was required to commence under the Speedy Trial Act (the "Act") has expired. Motion to Dismiss ("Mot."), ECF No. 143. The United States of America ("the government") opposes the motion, contending that seventeen days remain before the trial must commence under the Act. Opp'n to Mot. ("Opp'n") at 3:23, ECF No. 160. Defendant filed a reply to the government's opposition on October 22, 2018, in which he also argues his trial was improperly delayed under the Act's 70-days' time limit for commencement of trial because of delays requested by his co-defendant so he could engage in plea negotiations with the government. Reply to Opp'n ("Reply") at 5:1-3, 5:17-20, ECF No. 169.

Defendant argues his right to a speedy trial was violated under the Act when judges improperly excluded time from the 70-

1

day commencement period based on unsupported "reasons for [judicial] finding[s]" concluding that time could be excluded from the computation of the Act's trial commencement period. Specifically, Defendant argues this occurred when judges referenced local codes and stipulations in orders authorizing exclusions of time; and thereby "failed to set forth the mandated 'ends of justice' finding required by § 3161(h)(7)(A)." Mot. at 6:22-23. The government counters Defendant is incorrect, arguing:

> Under Ninth Circuit case law, a district court meets [the exclusion] requirement with "discussion of the statutory factors" that the [judges] considered to support [the challenged exclusions of time from the Act's 70-days trial commencement period]. United States v. Medina, 524 F.3d 974, 986 (9th Cir. 2008). "[C]ourts may fulfill their Speedy Trial Act responsibilities by adopting stipulated factual findings which establish valid bases for Speedy Trial Act continuances." Id. (quoting United States v. Ramirez-Cortez, 213 F.3d 1149, 1157 n.9 (9th Cir. 2000)).

Opp'n at 4:19-24. Contrary to what Defendant argues, as the Ninth Circuit states in United States v. Head, 700 F. App'x. 612, 613-14 (9th Cir. 2017), cert. denied, 138 S. Ct. 1175 (2018):

> The Speedy Trial Act does not require a district court to make an explicit "ends of justice" finding; instead, it requires that the trial court set forth in the record its "reasons for finding that the ends of justice served by the granting of [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A) (emphasis added). Section 3161(h)(7)(B) provides factors that a judge must consider in deciding whether to grant an "ends of justice" continuance. The code at issue here corresponds to those factors, and referring to that code therefore provides the reason why the district court found that the ends of justice were served by granting a continuance. See United States v. Medina, 524 F.3d 974, 986 (9th Cir. 2008) (explaining

2

> that a district court's "discussion of the statutory factors [wa]s adequate to support a continuance that serve[d] the ends of justice ...."). Defendant[] do[es] not dispute that the continuances were justified; [he] [previously] acknowledge[d] that . . . counsel needed time to prepare.
>
> Moreover, the code used by the district court to explain its reasons for continuances was not non-specific or underinclusive in the context of the record in this [case]. That various code provisions may be mutually exclusive does not mean that the district court erred by relying on those provisions as alternative holdings to justify granting a continuance. And that Defendant[] may not have intuitively understood the code is irrelevant, as [he was] represented by counsel and it is clear from the record that [his] counsel understood the references to the code.

Defendant also argues he was prejudiced by continuances made before his co-defendant changed his plea on June 17, 2016, contending that the government used these continuances to pursue a plea deal with his co-defendant. Reply at 5:1-3, 5:11-13. Defendant contends under reasoning in United States v. Hall, 181 F.3d 1057 (9th Cir. 1999), any continuance including the basis that his co-defendant was involved in plea negotiations is an improper reason for excluding time from the Act's 70-day trial commencement period. However, in Hall the primary purpose of the continuance at issue was to provide a co-defendant with time to procure a plea deal. Id. at 1062-63. That is not what occurred in this case.

As the government correctly asserts in the motion sub judice, the co-defendant's change of plea did not have any bearing on Defendant's *own* stipulations requesting time exclusions for defense counsel to prepare for the investigation

3

and defense of Defendant's case. Opp'n at 6:16-7:12. Further, the government cites Ninth Circuit cases supporting its position that when a defendant stipulates to time for trial preparation for his own benefit, as the Defendant did in this case, the Defendant is precluded from later changing his mind. Id. The Ninth Circuit states in United States v. Palomba, 31 F.3d 1456, 1462 (9th Cir. 1994):

> Where a defendant stipulates to the need for trial preparation, he "cannot maintain that these continuances give rise to [a violation of the Act]." Having made a fully-informed choice to move for a continuance tolling the clock, [the defendant is] precluded from objecting that his right to a speedy trial was violated.

(citations omitted). Here, the co-defendant's plea negotiations were not the primary reason for the jointly-made continuances as it was in Hall. Rather, Macias stipulated to the need for trial preparation, and he cannot now maintain that those continuances constitute a violation of the Act. See Opp'n at Ex. 1 (detailing joint reasons for several continuances excluding time under the Act).

The government further argues considering proper exclusions of time under the Act, at least seventeen days remain for commencement of trial.[1] Opp'n at 3:23. Defendant counters that even if the government's count is adopted (and the exclusions were correctly decided), the government's count is incorrect because it includes twenty non-excludable days, thus the trial commencement deadline has been exceeded by three days. Reply at

---

[1] The government argues "in an abundance of caution" it did not include additional time periods that could be excludable under § 3161(h)(1)(D), which allows hearing of pretrial motions (Local Code E). Opp'n at 3:22-23.

4

11:16-20. Defendant arrives at the twenty-day difference by arguing, in part, that the Act's clock began on June 10, 2015, the date the complaint was unsealed. Id. at 11:2-3. This is not the date on which the Act's trial commencement period began.

The Act prescribes that all criminal trials shall "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, **whichever date last occurs**." 18 U.S.C. § 3161(c)(1)(emphasis added). Defendant was arraigned on June 24, 2015. Min. for Arraignment, ECF No. 12. Therefore, his arraignment began the Speedy Trial Act clock. Defendant's argument that the commencement of the Act's 70-day time limit was when the complaint was unsealed on June 10, 2015 is incorrect. Rather, the Act's 70-day time period commenced on June 24, 2015, when defendant was arraigned.

For the stated reasons, the Act has not been violated. Therefore, Defendant's dismissal motion is denied.

Dated: November 1, 2018

GARLAND E. BURRELL, JR.
Senior United States District Judge

5