UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

BENJAMIN MACIAS,

        Defendant.

No. 2:15-cr-125-GEB

**VOIR DIRE, INITIAL JURY INSTRUCTIONS, JURY INSTRUCTIONS THAT MAY BE GIVEN IN THE COURSE OF TRIAL, PROPOSED CLOSING JURY INSTRUCTIONS, A PROPOSED VERDICT FORM; AND RESTRAINTS ORDER**

       Attached are the court's voir dire questions, initial jury instructions, instructions that may be given in the course of trial if a party makes the request, proposed closing jury instructions, and a proposed verdict form.

       The bracketed and/or optional language shall be clarified, and any proposed changes to these documents shall be filed by a party or the parties as soon as feasible.

       Trial commences at 9:00 a.m. on November 6, 2018.

       Lastly, Defendant will appear at trial with leg restraints that are shielded from a juror's view by the wood panels on counsel table, where he will be seated; a deputy United States Marshal informed the undersigned today that counsel agree with the referenced restraints.

       Dated:  November 1, 2018

GARLAND E. BURRELL, JR.
Senior United States District Judge

<u>**VOIR DIRE**</u>

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                     No. 2:15-cr-125-GEB

        Plaintiff,

    v.                                          **VOIR DIRE**

BENJAMIN MACIAS,

        Defendant.

        Thank you for your presence and anticipated cooperation in the questioning process we are about to begin. You are performing an important function in our constitutional democracy.

        The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. Next to her is the Certified Court Reporter. Ms. Furstenau please administer the oath to the prospective jurors.

        We are about to begin what is known as voir dire. Voir dire consists of questions designed to provide the court and the parties with information about each potential juror. After questioning is complete, the parties will exercise what are known as peremptory challenges.

        1. Counsel, the Jury Administrator has already randomly selected potential jurors and their names are on the sheet you have been given in the order of the random selection. Each potential juror has been given a large laminated card or number showing the numerical order in which the potential juror was randomly selected.

        2. I will ask potential jurors questions as a group.

1

If a potential juror has a response, he or she shall raise the laminated card or number.  If no potential juror has a response, I will simply state "no response" and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response.  That could expedite the process.

      3.   If a potential juror believes a question unduly pries into a private matter, that potential juror may request to respond out of the earshot of other potential jurors. I'm authorized to try to protect legitimate privacy interests, but also am obligated to avoid secreting an aspect of the proceeding absent a showing that secrecy is justified under a standard.

      4.   The presentation of evidence and closing argument portions of the trial are expected to be completed in approximately six court days, after which it is anticipated that jury will commence deliberation.   Trial will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m. However, once you commence jury deliberations, you will be expected to deliberate every day except weekends until you complete your deliberations.   Does the schedule pose a problem for any prospective jury?

      5.   I will now have counsel to make any desired introduction so that it can be determined whether any potential juror knows or has had contact with a person named, and the United States shall name anticipated witnesses it may have testify during the trial.

            a.   Do you know, and/or, have you had contact with a person just named?

1   6. This is a criminal case brought by the United States

2 against the defendant, Benjamin Macias. The indictment charges

3 the defendant with conspiracy to distribute and to possess with

4 intent to distribute cocaine, distribution of cocaine, possession

5 of a firearm in furtherance of a drug trafficking crime, and with

6 being a felon in possession of a firearm. The indictment simply

7 describes the charges the United States brings against the

8 defendant. The indictment is not evidence and does not prove

9 anything. Mr. Macias has pled not guilty to the charges and is

10 presumed innocent unless the government proves he is guilty beyond

11 a reasonable doubt.

12   7. Do the allegations cause any potential juror to

13 prefer not being a juror on this case?

14   8. Is there anything about the allegations which causes

15   you to feel that you might not be a fair juror in this

16   case?

17   9. Is there any reason why you would not be able to be

18 a juror and/or to give your full attention to this case?

19   10. Have you, any member of your family, or any close

20 friend been investigated and/or arrested for a crime, or been the

21 defendant in a criminal case?

22   11. Do you have any religious or moral objection to

23 sitting in judgment of another's conduct in a court of law?

24   12. Would you tend to believe the testimony of a witness

25 just because of that witness's present or former status as a law

26 enforcement officer and/or a criminal investigator?

27   13. Would you tend to disbelieve the testimony of a

28 witness just because of the witness's present or former status as

a law enforcement officer and/or a criminal investigator?

        14.  Have you ever served as a juror in the past, in any capacity?

                a.  State whether it was a civil or criminal case, and whether the jury reached a verdict, but do not state the actual verdict reached.

        15.  Some of the people involved in this case may be of a different race, ethnic background, or national origin than your own.  Would that difference have any bearing on your ability to be a fair and impartial juror?

        16.  You are required to apply the law I will give you even if you believe a different law should apply.  If you cannot agree to do what I just said, please raise your number.

        17.  Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence, and that the government has the burden of proving guilt beyond a reasonable doubt?

        18.  Do you have any problem with the rule of law that a defendant need not testify on his own behalf and that if a defendant chooses not to testify, that factor may not be considered by you in your deliberations?

        19.  Is there anything we have not discussed that you believe could have a bearing on your ability to be a fair and impartial juror in this case, or that you suspect a trial participant would desire to know?

        20.  The Courtroom Deputy Clerk will give the juror in seat number one a sheet on which there is information we seek. Please pass the sheet to a potential juror near you after you

respond.

Please state:

a. your juror seat number;

b. your name and educational background;

c. the educational background of any person residing with you;

d. your present and former occupations; and

e. the present and former occupations of any person residing with you.

**INITIAL JURY INSTRUCTIONS**

INITIAL INSTRUCTION NO. 1

Ladies and gentlemen: you are now the jury in this case, and I will give you some initial instructions. You must follow all of them and not single out some and ignore others; they are all important. You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law I give you. You must follow the law I give you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.

INITIAL INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

- the sworn testimony of any witness;
- the exhibits received in evidence; and
- any facts to which the parties have agreed.

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

- statements and arguments of the attorneys;
- questions and objections of the attorneys;
- testimony that I instruct you to disregard; and
- anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

INITIAL INSTRUCTION NO. 4

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

- the witness's opportunity and ability to see or hear or know the things testified to;
- the witness's memory;
- the witness's manner while testifying;
- the witness's interest in the outcome of the case, if any;
- the witness's bias or prejudice, if any;
- whether other evidence contradicted the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

INITIAL INSTRUCTION NO. 6

I will now say a few words about your conduct as jurors.

You are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or by any other medium, including any form of social media. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

If you need to communicate with me simply give a signed note to the Courtroom Deputy Clerk, and if she is not present give it to the court reporter;

Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then; and

Finally, until this case is given to you for your jury deliberation, you are not to discuss the case with your fellow jurors.

INITIAL INSTRUCTION NO. 7

From time to time during the trial, it may become necessary for me to talk with the parties out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

# INITIAL INSTRUCTION NO. 8

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

INITIAL INSTRUCTION NO. 9

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes shall be left on the seat you now occupy.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INITIAL INSTRUCTION NO. 10

The next phase of trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and the defendant may cross examine.  Then, if the defendant chooses to offer evidence, the government may cross examine.

After the evidence has been presented, the lawyers will make closing arguments and I will give you further instructions.

After that, you will go to the jury room to deliberate on your verdict.

**JURY INSTRUCTIONS THAT MAY BE GIVEN DURING TRIAL, IF A PARTY MAKES THE REQUEST**

```
 1              MID-TRIAL INSTRUCTION NO. 1

 2         The parties have agreed to certain facts that have been

 3    stated to you.   Those facts are now conclusively established.

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

        You are about to [hear][watch] [have heard][watched] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been][was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you [hear][heard] something different from what [appears][appeared] in the transcript, what you [hear][heard] is controlling. [[After][Now that] the recording has been played, the transcript will be taken from you.].

1                            MID-TRIAL INSTRUCTION NO. 3

2         You [are about to hear testimony] [are about to see

3 evidence] that the defendant [summarize other act evidence]. This

4 evidence of other acts [will be] admitted only for [a] limited

5 purpose[s]. You may consider this evidence only for the purpose

6 of deciding whether the defendant: [had the state of mind,

7 knowledge, or intent necessary to commit the crime charged in the

8 indictment;] or [did not commit the acts for which the defendant

9 is on trial by accident or mistake;] or [is the person who

10 committed the crime charged in the indictment. You may consider

11 this evidence to help you decide [describe how the evidence will

12 be used to prove identity].

13         Do not consider this evidence for any other purpose.

14         Of course, it is for you to determine whether you

15 believe this evidence and, if you do believe it, whether you

16 accept it for the purpose offered. You may give it such weight as

17 you feel it deserves, but only for the limited purpose that I

18 described to you.

19         The defendant is not on trial for committing these

20 other acts. You may not consider the evidence of these other acts

21 as a substitute for proof that the defendant committed the

22 crime[s] charged. You may not consider this evidence as proof

23 that the defendant has a bad character or any propensity to

24 commit crimes. Specifically, you may not use this evidence to

25 conclude that, because the defendant may have committed the other

26 act[s], [he] must also have committed the act[s] charged in the

27 indictment.

28         Remember that the defendant is on trial here only for

[state charges], not for these other acts. Do not return a guilty

verdict unless the government proves the crime[s] charged in the

indictment beyond a reasonable doubt.

1                 MID-TRIAL INSTRUCTION NO. 4

2        You are about to hear evidence that [describe evidence

3 to be received for limited purpose]. I instruct you that this

4 evidence is admitted only for the limited purpose of [describe

5 purpose] and, therefore, you must consider it only for that limited

6 purpose and not for any other purpose.

**PROPOSED CLOSING JURY INSTRUCTIONS**

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you now possesses a copy of these instructions that you may take with you into the jury room to consult if you desire.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.

You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, or national ancestry.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

INSTRUCTION NO. 2

       The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

INSTRUCTION NO. 3

[A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.]

[The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.]

INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

- the sworn testimony of any witness;
- the exhibits received in evidence;
- any facts to which the parties have agreed; and
- any facts of such common knowledge that you may accept them as true, but you are not required to do so.

1                               INSTRUCTION NO. 6

2         The parties have stipulated, that is agreed, to certain

3 facts that have been stated to you. You should therefore treat

4 these facts as having been proved beyond a reasonable doubt.

INSTRUCTION NO. 7

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

- Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

- Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

- Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

- the witness's opportunity and ability to see or hear or know the things testified to;
- the witness's memory;
- the witness's manner while testifying;
- the witness's interest in the outcome of the case, if any;
- the witness's bias or prejudice, if any;
- whether other evidence contradicted the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose

not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 10

You are here only to determine whether the defendant is guilty or not guilty of the charges filed against him in the indictment. The defendant is not on trial for any conduct or offense not charged against him in the indictment.

INSTRUCTION NO. 11

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the United States to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the United States to prove that the offense was committed precisely on the date charged.

INSTRUCTION NO. 13

You have heard testimony that the defendant made a statement. It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. 14

You have heard evidence that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's knowledge, identity, absence of mistake, and/or absence of accident.

INSTRUCTION NO. 15

You have heard evidence that the defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness.

With only one exception, you may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial. The exception is in Count 10: There, you may consider evidence that the defendant was previously convicted of a crime in order to establish the third element of the offense – namely, that at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

INSTRUCTION NO. 16

You have heard testimony from [Cooperating Witness #1], a witness who: (1) received favored treatment from the government in connection with this case; (2) admitted being an accomplice to some of the crimes charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime; and (3) pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of [Cooperating Witness #1], you should consider the extent to which or whether his testimony may have been influenced by any of these factors. In addition, you should examine the testimony of [Cooperating Witness #1] with greater caution than that of other witnesses.

INSTRUCTION NO. 17

You have heard testimony from [Cooperating Witness #2], a witness who received favored treatment from the government in connection with this case.

For this reason, in evaluating the testimony of [Cooperating Witness #2], you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of [Cooperating Witness #2] with greater caution than that of other witnesses.

INSTRUCTION NO. 18

　　　You have heard testimony from an undercover agent who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants to investigate criminal activities. Informants may use false names and appearance and assume the roles of members of criminal organizations.

INSTRUCTION NO. 19

You have heard testimony from [name] who testified to opinions and the reasons for his opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 20

You heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

- the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

- whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

- any inconsistent identifications made by the eyewitness;

- the witness's familiarity with the subject identified;

- the strength of earlier and later identifications;

- lapses of time between the event and the identification[s]; and

- the totality of circumstances surrounding the eyewitness's identification.

INSTRUCTION NO. 21

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 22

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

The defendant is charged in Count 1 of the indictment with conspiring to distribute and possess with intent to distribute cocaine, in violation of Section 841(a)(1) and Section 846 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, between in or about December 2014, and on or about June 9, 2015, there was an agreement between two or more people to distribute and to possess with intent to distribute cocaine; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

"To distribute" means to deliver or transfer possession of cocaine to another person, with or without any financial interest in that transaction.

A conspiracy is a kind of criminal partnership—an agreement of two or more people to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must unanimously find that there was a plan to distribute and to possess with intent to distribute cocaine as the object or purpose of the conspiracy.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

INSTRUCTION NO. 24

If you find the defendant guilty of the charge in Count 1 of the indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of cocaine involved in the conspiracy equaled or exceeded 500 grams of a mixture and substance containing a detectable amount of cocaine. Your determination of weight must not include the weight of any packaging material. Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of cocaine involved in the conspiracy.

INSTRUCTION NO. 25

The defendant is charged in Counts 4, 5, 6, and 7 of the indictment with distributing cocaine, in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of each charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly distributed cocaine on the dates alleged in the Indictment; and

Second, the defendant knew that he was distributing cocaine or some other federally controlled substance.

"Distributing" means delivering or transferring possession of cocaine to another person, with or without any financial interest in that transaction.

The government is not required to prove the amount or quantity of cocaine. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of cocaine.

Count 4 alleges that the distribution occurred on or about December 16, 2014.

Count 5 alleges that the distribution occurred on or about February 10, 2015.

Count 6 alleges that the distribution occurred on or about March 13, 2015.

Count 7 alleges that the distribution occurred on or about May 15, 2015.

INSTRUCTION NO. 26

The defendant is charged in Count 8 of the indictment with possession with intent to distribute cocaine, in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about June 9, 2015, the defendant knowingly possessed cocaine; and

Second, the defendant possessed it with the intent to distribute it to another person.

It does not matter whether the defendant knew that the substance was cocaine. It is sufficient that the defendant knew that it was some kind of a federally controlled substance.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of cocaine to another person, with or without any financial interest in the transaction.

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

INSTRUCTION NO. 27

If you find the defendant guilty of the charge in Count 8 of the indictment, you are then to determine whether the government proved beyond a reasonable doubt that the amount of cocaine equaled or exceeded 500 grams of a mixture and substance containing a detectable amount of cocaine. Your determination of weight must not include the weight of any packaging material. Your decision as to weight must be unanimous.

The government does not have to prove that the defendant knew the quantity of cocaine.

INSTRUCTION NO. 28

The defendant is charged in Count 9 of the indictment with possession of a firearm in furtherance of a drug trafficking crime, in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of possession with intent to distribute cocaine, as charged in Count 8 of the indictment, which I instruct you is a drug trafficking crime;

Second, on or about June 9, 2015, the defendant knowingly possessed a firearm, specifically, a Ruger 9mm pistol, serial number 306-23543; and

Third, the defendant possessed that firearm in furtherance of the crime of possession with intent to distribute cocaine, as charged in Count 8 of the indictment.

A person "possesses' a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

INSTRUCTION NO. 29

The defendant is charged in Count 10 of the indictment with possession of a firearm by a felon, in violation of Section 922(g)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about June 9, 2015, the defendant knowingly possessed a firearm, specifically, a Ruger 9mm pistol, serial number 306-23543;

Second, the firearm had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. [The defendant stipulates that on June 9, 2015, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.]

A person "possesses' a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

31

INSTRUCTION NO. 30

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 31

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, or national ancestry.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

INSTRUCTION NO. 32

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the

entire trial process to start over]. If any juror is exposed to
any outside information, please notify the court immediately.

INSTRUCTION NO. 33

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

37

INSTRUCTION NO. 34

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 35

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

39

INSTRUCTION NO. 36

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. You are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**PROPOSED VERDICT FORM**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

BENJAMIN MACIAS,

        Defendant.

No. 2:15-cr-125-GEB

**VERDICT FORM**

      WE, THE JURY, UNANIMOUSLY FIND THE DEFENDANT, BENJAMIN MACIAS, AS FOLLOWS:

**AS TO COUNT 1 OF THE INDICTMENT:**

<u>GUILTY</u>    <u>NOT GUILTY</u>

                      Conspiracy to distribute and possess with intent to distribute cocaine, in violation of Title 21, United States Code sections 846 and 841(a)(1)

_____ _____

    If you found the defendant guilty of Count One, do you find that the defendant conspired to distribute and possess with intent to distribute cocaine?

    Yes _____          No _____

    If you found the defendant guilty of Count 1, you must make a special finding as to the amount of cocaine the defendant conspired to distribute.

    Do you find beyond a reasonable doubt that the defendant

conspired to distribute or conspired to possess with an intent to distribute:

(place an X on the appropriate line):

_____ 500 grams or more
_____ Less than 500 grams


**AS TO COUNT 4 OF THE INDICTMENT:**

GUILTY     NOT GUILTY

Distribution of Cocaine, in violation of Title 21, United States Code section 841(a)(1).

_____ _____


**AS TO COUNT 5 OF THE INDICTMENT:**

GUILTY     NOT GUILTY

Distribution of Cocaine, in violation of Title 21, United States Code section 841(a)(1).

_____ _____


**AS TO COUNT 6 OF THE INDICTMENT:**

GUILTY     NOT GUILTY

Distribution of Cocaine, in violation of Title 21, United States Code section 841(a)(1).

_____ _____


**AS TO COUNT 7 OF THE INDICTMENT:**

GUILTY     NOT GUILTY

Distribution of Cocaine, in violation of Title 21, United States Code section 841(a)(1).

_____ _____


**AS TO COUNT 8 OF THE INDICTMENT:**

GUILTY        NOT GUILTY

Possession with Intent to Distribute
Cocaine, in violation of Title 21,
United States Code section 841(a)(1).

_____   _____

If you found the defendant guilty of Count 8, you must make a
special finding as to the amount of cocaine the defendant
possessed with an intent to distribute.

Do you find beyond a reasonable doubt that the defendant
possessed with an intent to distribute:

(place an X on the appropriate line):

_____ 500 grams or more
_____ Less than 500 grams

**AS TO COUNT 9 OF THE INDICTMENT:**

GUILTY        NOT GUILTY

Possession of a Firearm in Furtherance
of a Drug Trafficking Crime, in
violation of Title 18, United States
Code section 924(c)(1)(A).

_____   _____

**AS TO COUNT 10 OF THE INDICTMENT:**

GUILTY        NOT GUILTY

Felon in Possession of a Firearm, in
violation of Title 18, United States
Code section 922(g)(1).

_____   _____


_____          _____
DATED                              FOREPERSON

4