UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN MACIAS,<br><br>Defendant. | No. 2:15-cr-125-GEB<br><br>**RULINGS ON OBJECTIONS TO THE PRESENTENCE REPORT** |

On January 25, 2019, Defendant Benjamin Macias filed objections to the Presentence Report ("PSR"), which are decided as follows. Def.'s Mot. for Correction of the PSR ("Mot."), ECF No. 210.

Macias objects to the two offense level enhancement in paragraph 34 of the Presentence Report ("PSR") imposed under United States Sentencing Guideline ("U.S.S.G.") § 3C1.2, arguing: "The plain language of the USSG § 3C1.2 calls for flight 'from a law enforcement officer [,]' [and t]here was no flight from a law enforcement officer. Further, the Guidelines require a 'substantial risk of death or serious bodily injury to another person;' [Macias's driving was under control; h]e just was driving fast." Id. at 3:8-14. Defendant further argues the video of his driving shown during his criminal jury trial reveals "there was not a substantial risk of death to anyone [,] nor was there a substantial risk of serious bodily injury" as required for the enhancement to apply. Id. at 3:12-13.

1

The United States counters: "The video confirms the Probation Officer's factual conclusions about Macias's erratic, high-speed, and dangerous driving, which supports the ultimate conclusion that Macias's flight recklessly created a substantial risk of death or serious bodily injury." Gov.'s Response to Def.'s Formal Objs. and Sentencing Mem. ("Response") at 2:5-7, ECF No. 212.

Section 3C1.2 states: "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by **2** levels." U.S.S.G. § 3C1.2. "'Reckless' means a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. § 2A1.4, cmt. n.1.

The trial record evinces that Macias fled from law enforcement officers seeking to apprehend him for drug trafficking offenses. Before the subject flight, Macias drove to a strip mall parking lot to conduct a drug trafficking offense. After his arrival, he correctly realized that numerous undercover law enforcement officers were present for the purpose of arresting him for drug trafficking offenses. He then fled from that area in his vehicle. A law enforcement agent in a hovering helicopter observed Macias's flight and followed him until he was subsequently apprehended.

Macias entered a highway during his flight, and reached the speed of approximately 90 miles per hour, notwithstanding the

risk this speed posed to other motorists. Further when a motorist hindered his speed in the number one lane (known as the passing lane), he moved to the number three lane, and he returned to the number one lane after he past slower motorists, and he engaged in these erratic lanes changing maneuvers at least three times. No vehicle passed him. Since it is obvious that Macias created a substantial risk of death or serious bodily injury to another person during his flight on the highway, this objection is overruled.

Macias also objects to paragraph 37 of the PSR arguing he should have received the benefit from a two-offense level reduction for his acceptance of responsibility under U.S.S.G. § 3E1.1(a), even though he was convicted by a jury of most of the indicted charges since he admitted the facts underlying the drug and gun possession charges in communications with his attorney. Mot. at 5:8–12. Macias also argues he should receive an additional one level decrease in his offense level under U.S.S.G. § 3E1.1(b) because he "timely notified authorities of his intention to enter a plea of guilty." Id. at 6:9–11.

The United States counters: "the Sentencing Guidelines require a more complete and sincere admission and/or offer than what was provided [; and o]nly if Macias admits to the elements of the crimes on the record would the government even consider not categorically opposing Macias's request for this rarely granted post-trial benefit." Response at 3:8-12. However, during the sentencing hearing the United States argued no evidence has been presented demonstrating that Macias is entitled to have his offense level reduced for acceptance of responsibility. The United States

also opposes Macias's request for additional one offense level reduction under § 3E1.1(b) arguing this reduction is only awarded to defendants who timely notified authorities of their intention to plead guilty, which did not occur. Id. at 3:13-15. The United States further argues: "this one-point adjustment may only be granted upon the government's formal motion at sentencing" and that "[t]he government declines to so move." Id. at 3:16-17.

Macias has not "clearly demonstrate[d] acceptance of responsibility for [all relevant conduct involved in] his offense[s]." United States v. Johnson, 581 F.3d 994, 1000-01 (9th Cir. 2009). Macias's communications and conduct in this case, which includes his demeanor and expressions, evinces that he "frivolously contests, relevant conduct that the court determines to be true [and] inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1 cmt. n.1(A); see PSR ¶ 37 ("[T]here was no indication in pretrial proceedings [evincing] that . . . defendant was willing to stipulate to his guilt on Counts 1 through 7 and 10. Therefore, given . . . [that] defendant denied his guilt and demanded a jury trial in this matter, a reduction for acceptance of responsibility under USSG §3E1.1 is not warranted."). Therefore, these objections are overruled.

Macias also objects to the two-level enhancement in paragraph 31 of the PSR imposed under U.S.S.G. § 2D1.1(b)(1), arguing: "Application Note 11(A) to that Guideline provides . . . '[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.'" Mot. at 6:9-10, 19-23. Macias contends since "he was acquitted by a jury of 18 U.S.C. § 924(c), possession of a

4

firearm during and in relation to a drug trafficking crime . . . the jury found that it was clearly improbable that the weapon was connected with the offense." Id. at 6:24-7:4.

The United States counters: "Macias ignores the difference between the phrases 'in furtherance of' (the language in 924(c)) and 'if the weapon was present . . . unless it is clearly improbable that the weapon was connected with the offense' (the language in § 2D1.1(b)(1))." Response at 3:24-4:1. The United States further argues "[t]hese two definitions are vastly different . . . . The 924(c) language is harder to prove as it required that the government prove that Macias intended to use the gun in furtherance of the drug crime. The § 2D1.1(B)(1) [language] requires the mere presence of the gun, unless the gun—for some provable reason—was clearly not connected to the offense." Id. at 4:1-4. The United States also argues that Macias "ignores the difference [between] the standards of proof: at trial the standard is beyond a reasonable doubt; in sentencing proceedings, it requires only a preponderance of evidence." Id. at 4:5-6.

Section 2D1.1(b)(1) authorizes an increase in two offense levels "[i]f a dangerous weapon (including a firearm) was possessed" during the criminal offense. U.S.S.G. § 2D1.1(b)(1). The enhancement applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id. cmt. n.11. Paragraph 22 of the PSR states, in part: "During a search of Macias' vehicle [after he was apprehended on the date he attempted to avoid being caught by law enforcement officers], agents found a loaded .9mm Ruger semi-automatic handgun in the glove compartment [of the vehicle Macias was driving], and 561

5

gross grams of cocaine concealed in a Lay's potato chip bag in the trunk [of that vehicle]." (footnote omitted). Macias's argument that it is improbable that this firearm was connected to his offense is belied by this factual record. This firearm was loaded, and was found in the glove compartment of the same vehicle where the cocaine was found in the trunk. Therefore, it is not clearly improbable that the firearm was unconnected with the drug offense, and this objection is overruled.

Macias also objects to paragraph 30 of the PSR arguing his base offense level is unconstitutionally inflated because the federal Drug Enforcement Agency ("DEA") "engaged in . . . [conduct which] rises to the level of sentencing manipulation." Mot. at 9:15-16. Macias argues that "after three recorded and surveilled drug transactions resulting in the sale of less than 400 grams of cocaine . . ., the DEA and the government had more than enough evidence to obtain convictions for charges against [Macias] of at least conspiracy to distribute and possess with intent to distribute cocaine and at least three counts of distribution of cocaine." Id. at 9:11-14. Macias contends "[t]he only apparent reason for the DEA to conduct two more drug transactions . . . was to obtain more cocaine in order to reach a higher sentence for [Macias] and, because of a higher sentence, also to be able to attempt to have him 'flip' on his sources of supply." Id. at 9:15-18.

The United States counters: "To find sentencing manipulation, the Court must find that the defendant proved that agents engaged in later drug transactions solely to enhance the defendant's potential sentence." Response at 4:16-18. The United

States also argues "Macias presents no evidence . . . that the DEA engaged in additional purchases solely to enhance [Macias's] potential sentence" and "Macias can only speculate that the government may have had enough evidence to arrest and convict him after three transactions." Id. at 5:7–10.

"To prove sentencing manipulation, [Macias] must show that the officers engaged in the later drug transactions solely to enhance his potential sentence." United States v. Boykin, 785 F.3d 1352, 1360 (9th Cir. 2015) (quotation marks omitted). Relief under this doctrine may be granted in "'only the extreme and unusual case' involving 'outrageous governmental conduct.'" United States v. Boykin, 785 F.3d 1352, 1360 (9th Cir. 2015) (first quoting United States v. Fontes, 415 F.3d 174, 180 (1st Cir. 2005); then United States v. Beltran, 571 F.3d 1013, 1018-19 (10th Cir. 2009)). Macias virtually argues that the sentencing manipulation doctrine applies whenever an individual opines that a law enforcement officer could have arrested the individual at an earlier time. However, as the Ninth Circuit states in United States v. Baker, 63 F.3d 1478, 1500 (9th Cir. 1995):

> [W]e decline to adopt a rule that, in effect, would find "sentencing manipulation" whenever the government, even though it has enough evidence to indict, opts instead to wait in favor of continuing its investigation. Such a rule "would unnecessarily and unfairly restrict the discretion and judgment of investigators and prosecutors." "Police . . . must be given leeway to probe the depth and extent of a criminal enterprise, to determine whether coconspirators exist, and to trace . . . deeper into the distribution hierarchy." Moreover, since the government bears the burden of proving its case beyond a reasonable doubt, it must be permitted to exercise its own judgment in determining at what point in an investigation enough evidence has been

7

obtained.

(citations omitted). Macias has not shown that the law enforcement officers engaged in the later drug transactions solely to enhance his potential sentence under the sentencing manipulation doctrine. Therefore, this objection is overruled.

These rulings on Defendant's objections "must [be] append[ed to] . . . any copy of the presentence report made available to the Bureau of Prisons." Fed. R. Crim. P. 32(i)(3)(C).

**The Clerk of Court shall include the Probation Department in the service of these rulings.**

**Dated: February 8, 2019**

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge