UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:15-cr-0125-KJM |
| Plaintiff, | ORDER |
| v. | |
| Benjamin Macias, | |
| Defendant. | |

Defendant Benjamin Macias moves to modify a condition of supervised release, so rather than having to abstain from alcohol, he may consume some alcoholic beverages as long as he refrains from excessive use. The government opposes. For the following reasons, the court **denies the motion without prejudice to renewal**.

**I.   BACKGROUND**

A jury found defendant Benjamin Macias guilty of conspiracy to distribute and possess with intent to distribute cocaine (count 1), in violation of 21 U.S.C. §§ 846 and 841(a)(1); distribution of cocaine (counts 4–7), in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute cocaine (count 8), in violation of 21 U.S.C. § 841(a)(1); and being a prohibited person in possession of a firearm (count 10), in violation of 18 U.S.C. § 922(g)(1). *See generally* Verdict Form, ECF No. 207. The previously assigned District Judge sentenced him to a total term of 146 months' imprisonment and 60 months' supervised release. *See generally* J. &

Commitment, ECF No. 219; Mot. at 1, ECF No. 289.  Macias moved to reduce his sentence under 18 U.S.C. § 3582(c)(1).  ECF No. 268.  The court granted the motion.  Prev. Order (Mar. 9, 2021), ECF No. 281.

As a special condition of his supervised release, Macias "shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale."  Am. J. and Commitment at 5, ECF No. 283.  Macias now moves to modify this condition to instead require that defendant "refrain from the excessive use of alcohol as set forth in 18 U.S.C. § 3563(b)(7)."[1]  Mot. at 1.  The government opposes.  Opp'n, ECF No. 290.  Macias replied.  Reply, ECF No. 291.

## II.    LEGAL STANDARD

Supervised release is meant "to protect the public and 'to facilitate the reintegration of the defendant into the community. . . .'"  *United States v. Vallejo*, 69 F.3d 992, 994 (9th Cir. 1995), *as amended on denial of reh'g and reh'g en banc* (Jan. 29, 1996) (quoting United States Sentencing Commission, Guidelines Manual § 5D1.1 comment (n.2) (Nov. 1992)).  The court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release."  18 U.S.C. § 3583(e)(2).  "A court is entitled to modify conditions of supervised release for good cause."  Timothy A. Scott & Larry A. Burns, Ninth Circuit Criminal Handbook § 14.16 (2020).  The court can modify conditions of supervised release even if there is no change in circumstance.  *United States v. Bainbridge*, 746 F.3d 943, 950 (9th Cir. 2014).  The modification must be made "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision."  18 U.S.C. § 3583(e)(2).  "A condition of supervised release does not have to be related to the offense of conviction because the sentencing judge is statutorily required to look forward in time to crimes that may be committed in the future by the convicted defendant."  *Bainbridge*, 746 F.3d at 951 (citation and marks omitted).

---

[1] 18 U.S.C. § 3563(b) identifies discretionary conditions a court may impose for probation.

### III. ANALYSIS

Macias argues the court should modify the condition of supervised release prohibiting him from consuming alcohol because "neither his instant federal offenses nor his prior convictions involved the use of alcohol," he has not tested positive in his standard drug screenings, and he does not have a problem with alcohol. Mot. at 2. The government opposes and points to Macias's early history of alcohol and drug use at the age of 12 or 13 in arguing the court should deny Macias's modification request. Opp'n at 2; Presentence Investigation Report (PSR) ¶¶ 75–76, ECF No. 209. Additionally, on two occasions in 2016, Macias was caught with pruno, a fermented alcoholic drink, while in pre-trial custody at the Sacramento County Jail. Opp'n at 2; PSR ¶¶ 4–5. The government also argues "Macias has a history of breaking court-ordered restrictions," as demonstrated by the fact that he committed the offenses forming the basis of his current sentence while on pretrial release for state charges. Opp'n at 2.

Given that neither party referenced the position of Mr. Macias's supervising probation officer, the court requested that officer's views based on his greater familiarity with Mr. Macias's performance on supervised release to date. The probation officer has conveyed his position that the present conditions of release are supported by the same information the government references, namely Macias's alcohol use while a juvenile and past history of DUI arrests.

It is within the court's discretion to impose a condition that a defendant "refrain from excessive use of alcohol." 18 U.S.C. § 3563(b)(7) (conditions of probation); *id.* § 3583(d) (permitting court to impose "any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate"). To impose this condition the court must consider the extent to which it 1) "is reasonably related to the factors [the court must consider in imposing a sentence, set forth in 18 U.S. C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D),]" 2) "involves no greater deprivation of liberty than is reasonably necessary," and 3) "is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(a)," *id.* § 3583(d). Here, the relevant § 3553(a) factors are "the nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence to "afford adequate deterrence," and the "protect[ion of]]

3

the public from further crimes." 18 U.S. C. §§ 3553(a)(1), (a)(2)(B)–(C). The court previously considered these factors in imposing Macias's current conditions, including the requirements that he participate in a treatment program for substance abuse and abstain from alcohol consumption. Am. J. and Commitment at 5.

The court finds that Macias has not adequately demonstrated that the purposes motivating his original supervised release conditions can be accomplished through less restrictive means. The court recognizes the passage of time since the pretrial incidents in the county jail, which do not appear connected to any other violations or bad behavior. It also notes Macias appears to have avoided any reported issue with alcohol since those pretrial incidents, including during the first several months of supervised release he has now completed. However, the record is incomplete regarding whether Macias has successfully completed a treatment program for substance abuse, or whether he is sufficiently engaged in prosocial activities so as to counter the court's concern leading to imposition in the first place of the special condition he seeks to modify. Without further information the court is not prepared to modify the condition at this time.

**IV. CONCLUSION**

The defendant's motion to modify condition five of his supervised release (ECF No. 289) is **denied**.

This order resolves ECF No. 289.

IT IS SO ORDERED.

DATED: January 27, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE