UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>BENJAMIN MACIAS,<br><br>Defendant-Petitioner. | No. 2:15-cr-00125-DAD-CKD<br><br>ORDER GRANTING IN PART AND DENYING IN PART *EX PARTE* APPLICATION REGARDING ORDER OF WAIVER OF ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES<br><br>(Doc. No. 303) |

Before the court is the government's *ex parte* application seeking an order finding that petitioner Benjamin Macias, as a result of his pending motion filed pursuant to 28 U.S.C. § 2255 (Doc. No. 292), has waived the attorney-client privilege and the work product privilege, and that the government is therefore entitled to compel discovery of responsive attorney-client communications and work product. (Doc. No. 303.)

Unless, in accordance with the instructions below, petitioner chooses to withdraw those portions of his § 2255 motion in which he alleges that he received ineffective assistance from his trial counsel and appellate counsel, the government's application will be granted in part and denied in part as follows:

/////

/////

  (1) The attorney-client privilege of petitioner Macias is waived with respect to all communications between petitioner and his former attorneys, Walter Pyle and Jan Karowsky, including attorney Pyle's and Karowsky's staff and agents, concerning events and facts related to petitioner's claims of ineffective assistance of counsel asserted in petitioner's § 2255 motion filed in *United States v. Benjamin Macias*, No. 2:15-cr-00125-DAD-CKD (E.D. Cal.).

  (1) The work product privilege is waived with respect to the work product of attorneys Pyle and Karowsky, concerning events and facts related to petitioner's claims of ineffective assistance of counsel presented in his pending § 2255 motion.

  (2) Attorneys Pyle and Karowsky, and their staff and agents if relevant, may provide the government with a declaration addressing attorney-client communications and work product concerning events and facts related to the ineffective assistance of counsel claims presented in petitioner's § 2255 motion, and may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

  (3) To the extent the government's request is broader than this order, including its request for production of "all communications" between attorneys Pyle and Karowsky and petitioner "concerning events and facts related to [petitioner's] claims of ineffective assistance of counsel" in his § 2255 motion (Doc. No. 303 at 5), the government's request is denied without prejudice, subject to renewal by motion providing further information as to the necessity of the production of such documents.

  (4) The government shall not use for any purpose or disclose to any party or in any proceeding beyond this action the privileged material it obtains in connection with the pending § 2255 motion proceeding. *See Lambright v. Ryan,* 698 F.3d 808, 818 (9th Cir. 2012); *Bittaker v. Woodford*, 331 F.3d 715, 722, 728 (9th Cir. 2003).

Alternatively, if in light of the above finding of the waiver of these privileges, petitioner wishes to no longer proceed with his pending § 2255 motion asserting an ineffective assistance of

counsel claim, he must notify this court within twenty-one (21) days from the date of this order by withdrawing the allegations concerning ineffective assistance of counsel in his pending motion. Petitioner's failure to do so within the time provided will be deemed by the court to be a confirmation of the portion of this order finding petitioner's waiver of the attorney client and work product privileges.

Accordingly,

1. The government's *ex parte* application (Doc. No. 303) is granted in part and denied in part;

2. Petitioner, if he chooses to do so, has twenty-one (21) days from the date of this order to notify the court that he no longer wishes to proceed with those portions of his pending § 2255 motion asserting ineffective assistance of counsel claims;

3. In the event the petitioner indicates he wishes to proceed or does not respond within twenty-one days, this will be deemed by the court to be a confirmation of the portion of this order finding petitioner's waiver of the attorney client and work product privileges; and

4. Petitioner will have thirty (30) days from the date of service of the government's opposition to file a reply thereto if he wishes to do so.

IT IS SO ORDERED.

Dated: **September 1, 2022**

_____
UNITED STATES DISTRICT JUDGE