UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>BENJAMIN MACIAS,<br><br>Movant. | No. 2:15-cr-0125 DJC CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is proceeding pro se with a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255 filed January 10, 2022, asserting ten grounds for relief. ECF No. 292. For the reasons which follow, the court recommends that his § 2255 motion be denied.

I. Background

On November 15, 2018, following a jury trial, movant was found guilty of the following counts alleged in the Indictment:

1. Count 1, conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and 841(a)(1);

2. Counts 4, 5, 6 and 7, distribution of cocaine in violation of 21 U.S.C. § 841(a)(1);

3. Count 8, possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and

/////

   4. Count 10, being a prohibited person in possession of firearm in violation of 18 U.S.C. § 922(g)(1).

ECF No. 205.

  On February 8, 2019, movant was sentenced to 146 months imprisonment on all counts except count 10, and 120 months on count 10 all to be served concurrently. ECF No. 219.

  Movant appealed to the Ninth Circuit; the appeal was denied on April 29, 2020.[1] Movant sought a writ of certiorari in the Supreme Court, but that request was denied on January 13, 2021. United States v. Macias, 19-10054 (9th Cir.).

  On March 9, 2021, movant's motion for compassionate release was granted and movant's sentence of imprisonment was reduced to time served. ECF No. 281. Movant's 60-month term of supervised release commenced at that point, and it appears that he is still on supervised release. Id.

II. Claims

  A. Speedy Trial (Grounds 1 and 5)

    1. Speedy Trial Act, 18 U.S.C. § 3164 (Ground 1)

  Movant asserts that his rights arising under the Speedy Trial Act, 18 U.S.C. § 3164, were violated. Movant brought the same motion before the trial court on October 2, 2018, and it was denied. ECF No. 189. He also brought the claims in his direct appeal, but it was similarly rejected. See Direct Appeal, Dkts. 10, 44, 46. "Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" United States v. Alexander, 106 F.3d 874, 876–77 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)). Movant fails to prove that the decision of the trial or appellate court was clearly erroneous or that failure to revisit those decisions would result in a manifest injustice. See Alexander, 106 F.3d at 876. The law of the case doctrine therefore prohibits his collateral attack for a violation of the Speedy Trial Act and movant has not adequately stated any basis for relief in Ground 1.

---

[1] An amended opinion was filed by the Ninth Circuit on June 16, 2020, correcting a citation appearing in a dissent authored by Circuit Judge Berzon.

1         2. Sixth Amendment Speedy Trial (Ground 5)

While not entirely clear, it appears movant asserts that his trial counsel agreed to waive any assertion of movant's Sixth Amendment right to a speedy trial against movant's wishes, an argument he raised on direct appeal. United States v. Macias, 19-10054 (9th Cir.), docket entry No. 10 at 31-44. The argument was rejected. ECF No. 264 at 2-3. When a claim has been raised and rejected on direct appeal, the claim cannot be reasserted in a § 2255 motion. United States v. Reed, 759 F.2d 699, 701 (1985). Therefore, Ground 5 must be rejected.

    B.   Ineffective Assistance of Trial Counsel (Grounds 2 and 9)

In Grounds 2 and 9, movant presents several complaints about the actions of his trial counsel. The Sixth Amendment guarantees effective assistance of counsel in criminal proceedings. To establish ineffective assistance of counsel, two elements must be met. First, it must be shown that, considering all circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). To this end, movant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The court must then determine whether the identified acts or omissions were outside the wide range of professional competent assistance. Id. Second, movant must affirmatively prove prejudice. Id. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

Movant's complaints about trial counsel appearing under the headings for Grounds 2 and 9 are mostly conclusory and do not provide a basis for establishing either that counsel's actions were objectively unreasonable or that movant was prejudiced by counsel's actions. The court addresses movant's more substantive assertions below.

First, movant asserts that trial counsel's defense consisted of challenging whether the prosecution met its burden of proof as to whether he had committed the crimes with which he was charged. Movant argues that trial counsel should have pursued a defense of entrapment instead. "The entrapment defense has two elements: '(1) the defendant was induced to commit the crime by a

government agent, and (2) he was not otherwise predisposed to commit the crime.'" United States v. Spentz, 653 F.3d 815, 818 (9th Cir. 2011). In that the government presented evidence that movant was already involved in cocaine trafficking at the time of the charged offenses[2], he fails to point to facts suggesting that an entrapment defense would have had any merit, nor that it would have any chance of success.

Second, movant takes issue with the parties' stipulation at trial that, as to Count 10 [being a prohibited person in possession of firearm in violation of 18 U.S.C. § 922(g)(1)], "on March 3rd, 2006, [movant] was convicted of a crime punishable by imprisonment for a term exceeding one year." ECF No. 231 at 201.[3] Movant asserts that the stipulation was not appropriate because he was innocent of the charges which resulted in the March 3, 2006, conviction. The record before the court is clear that movant was convicted for evading a police officer. Trial counsel's stipulation to the conviction was entirely reasonable given that the alternative was that the government would have been permitted to prove to the jury not just the fact of the conviction, but the nature of it as well.[4] Whether or not movant professed his innocence to the underlying crime was of no moment at the time of his federal trial as his conviction for that offense was established.

Finally, movant asserts that counsel withheld documents obtained from respondent at respondent's direction. While movant does not elaborate under the heading for his ineffective assistance of counsel claims, under the heading for Ground 7 movant asserts that his counsel

---

[2] Joshua Fakhri testified that movant sold him cocaine on multiple occasions from 2012 or 2013 through the time of movant's arrest. ER 568, 582-90.

[3] The Indictment filed June 12, 2015, alleged that on March 3, 2006, movant had been convicted in Placer County for evading a police officer. ECF No. 10 at 5. The Presentence Investigation Report (PSR) confirmed the conviction, and that movant was ordered to serve three years in prison for that offense. ECF No. 209 at 13.

[4] As respondent notes, "the stipulation as to defendant's felon status prevented the jury from hearing about the nature of the two priors alleged in the Indictment which would not paint a flattering picture of the defendant. ECF No. 10 at 5. For example, the jury did not hear that the defendant suffered a felony conviction for evading a peace officer in California, just like in the current case. Id. Second, the jury did not hear that the defendant also suffered a felony conviction for battering someone and causing serious bodily injury. Id." ECF No. 309 at 21.

withheld information pertaining to co-defendant Sergio Ambiz's cooperation with the government.

First, as respondent points out,

> During the pretrial stages, the Court issued two protective orders. One order provided that personally identifiable information must be redacted from any discovery provided to the defendant. ECF No. 84 at 1-2. The second order mandated that Mr. Karowsky could not share law enforcement sensitive information with the defendant. ECF No. 92 at 2. The defendant argues that the government should not have ordered "it" withheld and that Mr. Karowsky should not have followed the Court's orders. Id. Mr. Karowsky, as an officer of the court, had an ethical duty to follow the Court's orders. Additionally, his violation of court orders could subject him to sanctions such as a referral to the California State Bar, and criminal prosecution under 18 U.S.C. §§ 401, 402.

ECF No. 309 at 18.

Movant fails to identify any basis for his suggestion that he had an absolute right to copies of everything provided in discovery by the prosecution or everything possessed by defense counsel. Respondent points to a case from the Northern District of California indicating there are no such federal rights, Torres v. Salba, 17-cv-06587-SI, 2019 WL 111039 at *6 (N.D. Cal. January 4, 2019), which the court accepts as persuasive authority.

For all the foregoing reasons, movant is not entitled to relief on any ineffective assistance of trial counsel claim.

C. Juror Safety Concerns (Ground 3)

At trial, Juror no. 6 was dismissed by the trial court.[5] ECF No. 205. While Juror no. 6 indicated that he had safety concerns with respect to his jury service, the court found that not to be credible; ultimately, Juror no. 6 was dismissed for not being credible and refusing to

---

[5] The jury foreperson sent the court a note which read, "Juror #6 has safety concerns regarding the location of his residence to the proximity of the AMF bowling location and possible mutual acquaintances in the area." ER 108. The trial court questioned the juror out of the presence of the other jurors and Juror #6 said that he/she did not have "really major safety issues. Just the area I live in is close to the bowling alley." ER 300. Further, he/she described the concerns as "[n]ot big ones. Like I said, not major safety issues, but just a little one." Id. In questioning the juror, however, the trial court ascertained that the juror had long been thinking of ways to get excused and he/she refused to deliberate. ER 301.

deliberate. ECF No. 264 at 3-9. Movant challenged the dismissal on appeal, but the Ninth Circuit held that the record supported the conclusions reached by the trial court regarding Juror no. 6's efforts to avoid jury service. Id. at 4-6.

While not entirely clear, movant seems to suggest that all of the jurors had safety concerns about their jury service and this somehow deprived movant of a fair trial. Movant fails to point to any evidence supporting his claim, however, and is therefore not entitled to relief on Ground 3.

### D.  Insufficiency of Evidence as to Controlled Substances Charge (Ground 4)

Movant asserts that no evidence was presented that he ever knowingly possessed a controlled substance. The record belies his claim. At trial, the government established through his co-defendant's testimony and other evidence that movant was present at the scene of five drug transactions, possessed a firearm while in possession of a pound of cocaine, and fled when he believed law enforcement was present at the fifth transaction. ER 314, 345-413, 426, 445, 450, 454-58, 461, 613, 844, 860, 862-63, 872-73, 877, 883-84, 891, 898-99, 907-09, 911, 915-16, 917, 919-20, 923. The government also presented the testimony of Joshua Fakhri that the movant sold him cocaine on multiple occasions from 2012 or 2013 through the time of the movant's arrest. ER 568, 582-90. In sum, the evidence that movant knew that the substance he possessed was cocaine was overwhelming. Movant is not entitled to relief under Ground 4.

### E.  Substitute Counsel (Ground 6)

In Ground 6, movant faults the trial court for not granting his request for substitute counsel.[6] Movant had several appointed attorneys throughout the proceedings and does not

---

[6] Respondent sets forth movant's the history of movant's attorneys: "The defendant retained his first attorney, Mr. Reichel, who represented him from the day after his arrest on June 9, 2015, through November 18, 2016. ECF Nos. 5, 55. The matter was pending jury trial when defendant terminated Mr. Reichel's representation and David Fischer was appointed to represent the defendant. ECF Nos. 53, 55. Mr. Fischer represented the defendant for approximately seven months, until June 2017, before Mr. Fischer filed a Motion to Withdraw as Attorney because of "irreconcilable differences in how to proceed with this matter." ECF No. 73 at 1. That motion was granted by the Court after an in camera hearing. ECF No. 75. Mr. Karowsky was then appointed to represent the defendant and it was almost 15 months before he was driven to file a Memorandum Requesting Attorney Appointment Hearing where he noted that 'Mr. Macias and I are having fundamental legal disputes regarding his case.' ECF Nos. 77, 130. The Court held an in camera hearing and chose not to appoint new counsel for the defendant. ECF No. 132." ECF No. 309 at 16.

identify the request with which he takes issue. Nonetheless, a review of the docket leads the court to conclude that movant is pointing to the trial court's ruling on September 14, 2018, two months before trial commenced.  ECF Nos. 132, 197. The Ninth Circuit has set forth the following factors to be considered when reviewing the denial of a motion to substitute counsel: (1) timeliness of the motion; (2) adequacy of the court's inquiry into the defendant's complaint; and (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense.  United States v. Rogers, 769 F.2d 1418, 1423 (9th Cir. 1985).  Movant fails to point to anything suggesting that he is entitled to relief pursuant to this standard.  Essentially the only argument made by movant is that the court's finding that movant's motion was an attempt to delay trial is not correct.  Even assuming trial would not have been delayed by appointment of new counsel, which seems very unlikely, movant fails to demonstrate that circumstances required the appointment of substitute counsel under the standard identified above.  Accordingly, movant is not entitled to relief on Ground 6.

F. Prosecution's Withholding of Evidence (Ground 7)

In Ground 7, movant claims that the government withheld evidence to which movant was entitled.  Again, however, movant fails to identify anything withheld by the government which movant did not already possess, was sought in discovery, and/or was withheld in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963).  Movant has not demonstrated that he is entitled to relief under Ground 7.

G. Federal Government Encroachment Upon State Law (Ground 8)

Ground 8 is based upon the incorrect assertion by movant that federal criminal laws can be deemed void if there are similar state laws.  While federal law can preempt state law pursuant to the Constitution's Supremacy Clause, state law does not preempt federal law.  Arizona v. United States, 567 U.S. 387, 399 (2012).  Movant notes correctly that the Constitution does not specifically grant the federal government "general police powers." However, the Commerce Clause of the Constitution gives Congress the power to "regulate commerce . . . among the several states," including the power to create criminal laws, and including drug offenses. Gonzales v. Raich, 545 U.S. 1, 15 (2005) (Comprehensive Drug Abuse Prevention and Control

Act of 1970 well within Congress' power to regulate commerce).  For these reasons, movant is not entitled to relief on Ground 8.

    H. <u>Ineffective Assistance of Appellate Counsel (Ground 10)</u>

  Movant asserts that he was denied effective assistance of counsel on appeal.  To prevail on a claim for ineffective assistance of appellate counsel, it must be shown counsel's advice fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, movant would have prevailed on appeal.  <u>Miller v. Keeney</u>, 882 F.2d 1428, 1434 (9th Cir. 1989).  Appellate counsel is not required to raise every non-frivolous issue demanded by the defendant.  <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983).  In his motion, movant fails to point to any claims not raised by appellate counsel which even possibly would have been successful on appeal.

  Under the heading for Ground 10, movant also complains he never received a copy of "all court ordered case transcripts."  For purposes of appellate review in a criminal case, indigent appellants must be afforded a record of sufficient completeness to permit proper consideration of the appellant's claims.  <u>Draper v. Washington</u>, 372 U.S. 487, 499 (1963). "A 'record of sufficient completeness' does not translate automatically into a complete verbatim transcript." <u>Mayer v. Chicago</u>, 404 U.S. 189, 194 (1971).  "The Supreme Court has never held that due process requires a verbatim transcript of the entire proceedings."  <u>Karabin v. Petsock</u>, 758 F.2d 966, 969 (3rd Cir.1985).

  Here, movant fails to specify which transcripts he was allegedly denied.  Therefore, he has not demonstrated the violation of any federal right and has not shown that he is entitled to relief under Ground 10.

III. <u>Conclusion</u>

  For all of the foregoing reasons, the court recommends that movant's 28 U.S.C. § 2255 motion be denied.

  Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 292) be denied; and

2. The Clerk of the Court be directed to close the civil companion case 2:22-cv-0080 DJC CKD P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 11, 2024

*[signature: Carolyn K. Delaney]*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
maci0125.2255